UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATE OF AMERICA, | Crim. No. 16CR30033- *MGM* |
| | VIOLATIONS |
| | Title 18, United States Code, Section 1951: Conspiracy to Interfere With Commerce by Threats or Violence (Count 1) |
| v. | Title 18, United States Code, Sections 1951 & 2: Interference With Commerce by Threats or Violence and Aiding and Abetting (Count 2) |
| | Title 18, United States Code, Sections 892(a) & 2: Making Extortionate Extensions of Credit and Aiding and Abetting (Counts 3 & 4) |
| 1. RALPH SANTANIELLO, | |
| 2. GIOVANNI CALABRESE a/k/a "Johnny Cal," "John Calabrese," | Title 18, United States Code, Sections 894(a): Conspiracy to Use Extortionate Means to Collect Extensions of Credit (Count 5) |
| 3. GERALD DANIELE, | |
| 4. FRANCESCO DEPERGOLA a/k/a "Frank Depergola," "Sammy Shark Depergola," and | Title 18, United States Code, Sections 894(a) & 2: Using Extortionate Means to Collect Extensions of Credit and Aiding and Abetting (Count 6) |
| 5. RICHARD VALENTINI, | Title 18, United States Code, Section 981(a)(1)(C) & Title 28, United States Code, Section 2461(c) (Forfeiture Allegations) |
| Defendants. | |

INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.     The Genovese Crime Family of La Cosa Nostra ("Genovese LCN Family") was one of the La Cosa Nostra (Mafia) crime families. The Genovese LCN Family was engaged in a variety of criminal activities to include loan sharking, gambling, narcotics distribution, money laundering, and extortion; using threats, intimidation, and violence to advance its criminal objectives.

2.     Defendants RALPH SANTANIELLO, GIOVANNI CALABRESE, GERALD DANIELE, FRANCESCO DEPERGOLA, and RICHARD VALENTINI were associates of the Genovese LCN Family committing criminal activities in Springfield, Massachusetts, and elsewhere, including loansharking, which includes the making of unlawful loans and extortionate extensions of credit; extortion from persons who were involved in legitimate and illegitimate businesses, including illegal gambling businesses; and the collection of unlawful debts.

3.     In conducting their illegal activities, defendants RALPH SANTANIELLO, GIOVANNI CALABRESE, GERALD DANIELE, FRANCESCO DEPERGOLA, and RICHARD VALENTINI used actual violence and, exploiting their relationship with the Genovese LCN Family, implied threats of physical violence to instill fear in their victims.

2

COUNT ONE:      (Title 18, United States Code, Section 1951: Conspiracy to Interfere with Commerce by Threats or Violence)

4.     Paragraphs One through Three are realleged and incorporated herein.

5.     Beginning on or about September 30, 2013, and continuing until on or about November 25, 2013, in the District of Massachusetts, and elsewhere,

1. RALPH SANTANIELLO,
2. GIOVANNI CALABRESE,
a/k/a "Johnny Cal," "John Calabrese,"
4. FRANCESCO DEPERGOLA,
a/k/a "Frank Depergola," a/k/a "Sammy Shark Depergola," and
5. RICHARD VALENTINI,

the defendants herein, and others known and unknown to the Grand Jury, did combine, conspire, confederate, and agree with each other and others to obstruct, delay, and affect commerce and the movement of any article and commodity in commerce by extortion, that is, defendants conspired to obtain property from another, Victim No. 1, with his consent, induced by the wrongful use of actual and threatened force, violence, and fear.

MANNER AND MEANS

6.     Defendants SANTANIELLO, CALABRESE, and others known and unknown to the Grand Jury would identify a business to extort.

7.     Defendants SANTANIELLO and CALABRESE would approach the business owner and demand the payment of specific amounts of money.

8.     Defendants SANTANIELLO, CALABRESE, DEPERGOLA, and VALENTINI would contact the business owner to collect the money demanded by defendants SANTANIELLO and CALABRESE, and would commit actual violence and threaten physical violence to the business owner if he did not pay the money.

3

9.      In particular, on September 30, 2013, defendants SANTANIELLO and

CALABRESE, whom Victim No. 1 understood to be associated with the Genovese LCN Family,

confronted Victim No. 1 at his home and demanded that Victim No. 1 pay them kickbacks for

his towing business. Specifically, defendants SANTANIELLO and CALABRESE told Victim

No. 1 that since he had previously paid such kickbacks to "Bruno" (identified as Adolfo "Big

Al" Bruno, a Genovese LCN Family member) before his death, and had not paid anyone since

2003, Victim No. 1 was going to have to start paying kickbacks to defendants SANTANIELLO

and CALABRESE, including the arrears.

10.     On September 30, 2013, during the confrontation at Victim No. 1's home,

defendants SANTANIELLO and CALABRESE threatened to cut off Victim No. 1's head and

bury his body in the backyard if he did not pay defendants SANTANIELLO and CALABRESE.

11.     On September 30, 2013, during the confrontation at Victim No. 1's home,

defendant SANTANIELLO hit Victim No. 1 in the face and ordered Victim No. 1 to pay

defendant SANTANIELLO $20,000 on Friday (October 4, 2013) at 4:00 PM and $2,000 a

month thereafter.

12.     On September 30, 2013, during the confrontation at Victim No. 1's home,

defendant SANTANIELLO threatened Victim No. 1, "Johnny (defendant CALABRESE) will be

here on Friday and you better have the money and nothing better happen to Johnny or I'll be

coming back for you."

13.     On Friday, October 4, 2013, defendants CALABRESE and VALENTINI, whom

Victim No. 1 understood to be associated with the Genovese LCN Family, approached Victim

4

No. 1 at his home to collect the $20,000 that defendant SANTANIELLO claimed Victim No. 1 owed.

14.     On October 4, 2013, during the confrontation at Victim No. 1's home, defendants CALABRESE and VALENTINI told Victim No. 1 that defendants SANTANIELLO, CALABRESE, and others would get him towing contracts in exchange for his payments.

15.     On October 4, 2013, during the confrontation at Victim No. 1's home, defendants CALABRESE and VALENTINI collected $5,000 from Victim No. 1 and threatened that Victim No. 1 needed to get the rest of the money.

16.     On October 9, 2013, defendant CALABRESE approached Victim No. 1 at his home and collected $500.

17.     On October 9, 2013, defendants SANTANIELLO and CALABRESE approached Victim No. 1 at his home and confronted him about only making a $500 payment.  During the confrontation, defendant SANTANIELLO ripped open Victim No. 1's shirt and demanded to know if Victim No. 1 was wearing "a wire," reminded Victim No. 1 that the deal required Victim No. 1 to pay $20,000 and then $2,000 a month, and threatened Victim No. 1 that this was Victim No. 1's "last warning" and that Victim No. 1 was "going to be nice before I (defendant SANTANIELLO) blew up again."

18.     On October 11, 2013, defendant CALABRESE accepted a $1,500 payment from Victim No. 1 and told Victim No. 1 that he had to make the payment because defendant SANTANIELLO already made a payment to "New York" (referring to Genovese LCN Family members) and defendant SANTANIELLO was expecting something from Victim No. 1 as repayment.

19.     On November 8, 2013, defendant DEPERGOLA, whom Victim No. 1 understood to be associated with the Genovese LCN Family, met with Victim No. 1 to discuss re-payment options.  During this meeting, defendant DEPROGOLA told Victim No. 1 that if he paid the remaining $13,000, Victim No. 1 would be relieved of any further obligation to pay.

20.     On November 20, 2013, defendant DEPERGOLA collected $3,000 from Victim No. 1 and told Victim No. 1 that Victim No. 1 was doing the right thing and that it would be "over" once Victim No. 1 paid the remaining $10,000.

21.     On November 25, 2013, defendants SANTANIELLO, CALABRESE, and DEPERGOLA collected $10,000 from Victim No. 1 and gave Victim No. 1 assurances that they would not further extort him.

In violation of Title 18, United States Code, Section 1951.

COUNT TWO:    (Title 18, United States Code, Sections 1951 & 2: Interference with Commerce by Threats or Violence and Aiding and Abetting)

22.    Paragraphs 1 through 3 and 6 through 21 of this Indictment are realleged and incorporated herein.

23.    Beginning on or about September 30, 2013, and continuing until on or about November 25, 2013, in the District of Massachusetts, and elsewhere,

1. RALPH SANTANIELLO,
2. GIOVANNI CALABRESE,
a/k/a "Johnny Cal," "John Calabrese,"
4. FRANCESCO DEPERGOLA,
a/k/a "Frank Depergola," a/k/a "Sammy Shark Depergola," and
5. RICHARD VALENTINI,

the defendants herein, and others known and unknown to the Grand Jury, did obstruct, delay and affect commerce and the movement of any article and commodity in commerce by extortion, that is, defendants knowingly obtained property from another, Victim No. 1, with his consent, induced by the wrongful use of actual and threatened force, violence, and fear.

In violation of Title 18, United States Code, Sections 1951 & 2.

COUNT THREE:    (Title 18, United States Code, Sections 892(a) & 2: Making Extortionate Extensions of Credit and Aiding and Abetting)

24.    Paragraphs 1 through 3 of this indictment are realleged and incorporated herein.

25.    In or around April 2015, in the District of Massachusetts, and elsewhere,

## 3. GERALD DANIELE,

the defendant, did make an extortionate extension of credit totaling $1,000 to Victim No. 2, an individual whose identity is known to the Grand Jury.

In violation of Title 18, United States Code, Sections 892(a) & 2.

COUNT FOUR:     (Title 18, United States Code, Sections 892(a) & 2: Making Extortionate
                Extensions of Credit and Aiding and Abetting)

    26.    Paragraphs 1 through 3 of this indictment are realleged and incorporated herein.

    27.    In or around May 2015, in the District of Massachusetts, and elsewhere,

3. GERALD DANIELE,

the defendant, did make extortionate extensions of credit totaling $2,700 for gambling losses to

Victim No. 2, an individual whose identity is known to the Grand Jury

    In violation of Title 18, United States Code, Sections 892(a) & 2.

COUNT FIVE:      (Title 18, United States Code, Section 894(a): Conspiracy to Use Extortionate Means to Collect Extensions of Credit)

27.     Paragraphs 1 through 3 are realleged and incorporated herein.

28.     Beginning in or around April 2015, and continuing through in or around July 2016, in the District of Massachusetts, and elsewhere,

1. RALPH SANTANIELLO,
2. GIOVANNI CALABRESE,
a/k/a "Johnny Cal," a/k/a "John Calabrese," and
3. GERALD DANIELE,

the defendants, did combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to knowingly participate in the use of extortionate means, as defined in Title 18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit and to punish Victim No. 2 for the non-repayment thereof.

In violation of Title 18, United States Code, Section 894(a).

COUNT SIX:          (Title 18, United States Code, Section 894(a) & 2: Using Extortionate
                    Means to Collect Extensions of Credit and Aiding and Abetting)

    29.    Paragraphs 1 through 3 are realleged and incorporated herein.

    30.    Beginning in or around April 2015, and continuing through in or around July

2016, in the District of Massachusetts, and elsewhere,

1. RALPH SANTANIELLO,
2. GIOVANNI CALABRESE,
a/k/a "Johnny Cal," a/k/a "John Calabrese," and
3. GERALD DANIELE,

the defendants, did knowingly participate in the use of extortionate means, as defined in Title

18, United States Code, Section 891(7), to collect and attempt to collect extensions of credit and

to punish Victim No. 2 for the non-repayment thereof.

    In violation of Title 18, United States Code, Section 894(a) and 2.

## FORFEITURE ALLEGATIONS

(Title 18, United States Code, Section 981(a)(1)(C) &
Title 28, United States Code, Section 2461(c))

The Grand Jury further charges that:

1.    Upon conviction of any of the offenses charged in Counts One through Six of this indictment, the defendants,

> 1. RALPH SANTANIELLO,
> 2. GIOVANNI CALABRESE,
> a/k/a "Johnny Cal," a/k/a "John Calabrese,"
> 3. GERALD DANIELE,
> 4. FRANCESCO DEPERGOLA,
> a/k/a "Frank Depergola," a/k/a "Sammy Shark Depergola," and
> 5. RICHARD VALENTINI,

shall forfeit to the United States of America, jointly and severally, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to such violations.

2.    If any of the property described in paragraph 1 above, as a result of any act and omission of the defendants --

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with a third party;

    c.    has been placed beyond the jurisdiction of this Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 981(b)(1)(A) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United

12

States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property listed in paragraph 1 hereof.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

MARIANNE SHELVEY
TRIAL ATTORNEY
ORGANIZED CRIME AND GANG SECTION
UNITED STATES DEPARTMENT OF JUSTICE

KEVIN O'REGAN
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF MASSACHUSETTS

Returned into the District Court by the Grand Jurors and filed on July 28 , 2016.

_____
DEPUTY CLERK OF COURT

14