UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL ACTION |
| | ) | NO. 16-30033-TSH |
| | ) | |
| RALPH SANTANIELLO, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER ON APPEAL**
December 20, 2016

**HILLMAN, D.J.**

**Background**

Ralph Santaniello ("Santaniello") has been charged with Conspiracy to Interfere with Commerce by Threats or Violence, in violation of 18 U.S.C. §1951 (Count I), Interference with Commerce by Threats or Violence and Aiding and Abetting, in violation of 18 U.S.C. § 1951 & 2 (Count II); and Conspiracy to Use Extortionate Means to Collect Extensions of Credit, in violation of 18 U.S.C. § 894(a)(Count V). The Government moved to detain Santaniello on dangerousness grounds.

A hearing was held before Magistrate Judge Robertson on August 11, 2016. On August 16, 2016, Magistrate Judge Robertson issued an order detaining Santaniello after finding that the Government had established by clear and convincing evidence that he posed a danger to the

community if released and that there were no conditions, or combination of conditions, that would sufficiently ameliorate the risks if he were released. *See Detention Order Ralph Santaniello* (Docket No. 41). More specifically, Judge Robertson found that Santaniello is charged with crimes that inherently involve at least the threat of violence, that the strength of the Government's case against him is strong, that he assaulted Victim 1 and otherwise engaged with him in a threatening manner, and that he had an early history of convictions involving crimes of violence, including assault and battery with a dangerous weapon. Santaniello has filed an appeal of the order of detention.[1]

## Discussion

*Santaniello's History and Characteristics; Proposed Conditions*

Santaniello is a long term resident of the community and has strong family ties. He has a long history of criminal convictions, summarized as follows:

> On April 8, 1987, Santaniello was arraigned in Hampden County Superior Court on a three count indictment charging Assault and Battery, Unarmed Robbery and Assault and Battery with a Deadly Weapon. On June 10, 1987, Santaniello was arraigned in Hampden County Superior Court on a four count indictment charging two counts of Threatening to Commit Murder and two counts of Intimidation of a Witness. On December 22, 1987, Santaniello pled guilty to all counts of the April 8, 1987 and June 10, 1987 indictments. He was sentenced to 2½ years confinement, with the sentence suspended for a period of three years of probation on the Assault and Battery with a Dangerous Weapon. No sentence was imposed on the remaining charges. On February 1, 1990, Santaniello's probation was revoked for a conviction on a new Assault and Battery indictment and he was sentenced to 2 ½ years confinement.

---

[1] In his memorandum in support of his motion to revoke detention, Santaniello requested a *de novo* evidentiary hearing. The Government opposed that request on the grounds that Santaniello had not cited to any evidence that was not available to him at the time of the original detention hearing and therefore, under 18 U.S.C. § 3142(f), is not entitled to present any new evidence to this Court. At the hearing before me, Santaniello did not pursue his request to submit new evidence; instead, both sides argued whether detention is warranted based on the record created at the detention hearing before Judge Robertson.

On January 6, 1989, Santaniello was arraigned on a single count indictment in Hampden County Superior Court for providing a False Statement. He was convicted on May 5, 1989, and ordered to pay a fine of $325.

On May 1, 1989, Santaniello was arrested for Operating Under the Influence (OUI). On August 23, 1989, Santaniello was sentenced to probation.

On October 2, 1989, Santaniello was arraigned in Hampden County District Court on a single count of Disorderly Conduct. On February 2, 1990, Santaniello admitted to facts sufficient to find him guilty of the charge and his case was dismissed after a three month probationary sentence.

On January 12, 1990, Santaniello was arraigned on a two count indictment in Hampden County Superior Court charging Malicious Destruction of Property and Assault and Battery. On February 13, 1990, Santaniello was convicted of both charges and sentenced to two years in prison.

On November 24, 1992, Santaniello was arraigned on a seven count indictment in Hampden County Superior Court charging Armed Assault in a Dwelling, Assault with a Dangerous Weapon, three counts of Assault and Battery with a Dangerous Weapon, Intimidation of a Witness, and Malicious Destruction to Property. On June 2, 1993, Santaniello pled guilty and was sentenced to five years of probation for Assault with a Dangerous Weapon, three counts of Assault and Battery with a Dangerous Weapon, Intimidation of a Witness, and Malicious Destruction to Property. The Armed Assault in a Dwelling indictment was nolle prossed.

On June 2, 1993, Santaniello was arraigned on a single count indictment in Hampden County Superior Court charging Assault and Battery with a Dangerous Weapon. On the same date, Santaniello pleaded guilty to the charge and was sentenced to a term of five years' probation, concurrent with the charges he for which he was arraigned on November 24, 1992.

On September 30, 1994, Santaniello was charged in Hampden County District Court with Operating After a Revoked License, Operating After a Revoked Registration, Compulsory Insurance Violation, and Counterfeiting a Motor Vehicle Document. On October 2, 1995, Santaniello was convicted of Operating After Revoked Registration and Counterfeiting a Motor Vehicle Document. He was fined $225.

On June 7, 2005 Santaniello was arraigned in Hampden County Superior Court on a four count indictment which charged Promoting Illegal Lottery, Possessing Gaming and Betting Apparatus, Usury (Loansharking) and Take/Allow/Present at Betting. On November 15, 2005 Santaniello pled guilty

and was sentenced to 2½ years incarceration, two years to be served directly, the balance suspended with a term of five years of probation upon his release from incarceration.

Santaniello suggests that there are a combination of conditions that can be imposed to assure that he would not be a danger to the community, including the standard conditions of release requested in the Pre-trial Services Report and that: (1) he live with the mother of his child; and (2) he be subject to home confinement with electronic monitoring subject to being allowed to leave for visits to his attorney, medical necessity and court appearances relating to this case and the indictment out of the Southern District of New York.

*The Nature of the Charges and the Strength of the Government's Case*

Santaniello is charged with conspiracy and interference with commerce by threat and violence, and the use of extortionate means to collect extensions of credit. The former charge relates to Victim 1 and the latter to Victim 2. Each count carries a maximum sentence of twenty years. Given Santaniello's prior criminal history, if convicted, he faces a possible guidelines sentence of 70 months. The evidence against Santaniello with respect to Victim 1, which includes video and audio tapes, is *very* strong, if not overwhelming. Victim 1 owns a towing company. He told law enforcement that he previously made "street tax" payments to Adolfo Bruno ("Bruno"), a capo with the New York based Genovese Crime Family ("Genovese Family"), one of the original five Mafia families. The Genovese Family has controlled organized crime in the Springfield area for decades and Bruno supervised their activities in that area. Bruno was murdered in 2003 and thereafter, Victim 1 no longer made any street tax payments. Victim 1 told law enforcement that in September 2013, Santaniello and his co-defendant, Giovanni Calabrese ("Calabrese"), confronted him and demanded he pay a lump sum

4

street tax of $50,000. Santaniello threatened to chop his head off and bury him in the back yard if he refused to pay. During the confrontation, Santaniello struck Victim 1 cutting his lip and bruising his cheek; Victim 1 did not seek medical attention. Santaniello warned Victim 1 not to contact law enforcement. Nevertheless, Victim 1 contacted law enforcement and agreed to cooperate.   Victim 1 contacted Calabrese and agreed to meet him and make a payment. Victim 1 met with Calabrese and paid him less than he had promised. Thereafter, Victim 1 was confronted by Santaniello and Calabrese, who came to Victim 1's property. Santaniello ripped open Victim 1's shirt to see if he was wearing a wire. Santaniello threatened Victim 1 telling him it was a last warning, stated that he was being nice but could "blow up again," and threatened to "crack" Victim 1's head.   This confrontation was recorded by law enforcement. Victim 1 continued to meet Santaniello and/or his co-defendants and paid them a total of $20,000.   The subsequent meetings were also recorded.

The evidence relating to the charges involving victim 2, although less compelling, is still strong.   Victim 2 has told law enforcement that he obtained a personal loan from Santaniello's co-defendant, Gerald Daniele ("Daniele"); he also accrued gambling debts with Daniele, who ran an illegal offshore gambling site. When Victim 2 became unable to make payments on the debt to Daniele, Daniele confronted him at his place of employment. Thereafter, fearful for his safety, Victim 2 went to law enforcement; he also agreed to cooperate.   Victim 2 arranged to meet Calabrese to arrange repayment to Daniele. Santaniello accompanied Calabrese to that meeting and a couple of future meetings.   Santaniello suggested that Victim 2 sell drugs to get money to repay Daniele, however, Santaniello did not make any threats of violence against Victim 2.

These meetings were surveilled by law enforcement and audio-recorded—not all were video recorded.

## *Whether Detention Is Warranted*

Santaniello is charged with crimes that involve violence or the threat of violence. As to Victim 1, Santaniello hit him hard enough to split his lip and threatened him with further violence— he threatened to crack his head and also threatened to kill him in a particularly violent and gruesome manner (by chopping off his head). While he did not directly threaten Victim 2, given his history of violence and role as an associate of the Genovese Family, an inference can be made that Calabrese brought him to the meetings to intimidate Victim 2. Santaniello has a history of convictions for violent crimes, including for witness intimidation. Consequently, it is of great concern that Santaniello is aware of the identities of Victim 1 and Victim 2. I am also concerned that Santaniello has a history of violating the terms of his release.[2] Moreover, on multiple occasions, he has been charged with crimes while other charges where pending against him and has been charged with offenses while on probation which did not result in violations. This is hardly the history of someone compliant with court orders.

Given Santaniello's prior convictions, his history of violent crimes, including witness intimidation, and his history of committing crimes while on probation and while awaiting trial on pending charges, I find by clear and convincing evidence that he is a danger to the community and

---

[2] Both in his memorandum in support of the motion to revoke Santaniello's detention and at the hearing on said motion, Santaniello's counsel argued that Santaniello has a history of complying with the terms of probation and has never been violated. However, in reviewing Santaniello's criminal record, I find that his probation was revoked on one occasion after he was convicted of committing new offenses while on release, *i.e.*, malicious destruction of property and assault battery. He was sentenced to 2 ½ years on the probation violation.

that there are no conditions or combination of conditions that would assure the safety of another person or the community if he were released.

## Conclusion

Defendant, Ralph Santaniello's, Motion To Revoke Pretrial Detention Order And To Place The Defendant On Conditions Of Release (Docket No. 79) is **_denied_**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**