UNITES STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATE OF AMERICA, )<br>)<br>V. )<br>)<br>RALPH SANTANIELLO, )<br>)<br>Defendant )<br>────────────────────────) | Criminal No.: 16-30033-TSH-1 |

## DEFENDANT, RALPH SANTANIELLO'S MOTION TO CORRECT CLERICAL OVERSIGHT PURSUANT TO RULE 36 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

Now comes the Defendant, Ralph Santaniello, and respectfully requests this Honorable Court to amend its Order and Judgement dated May 3, 2018 pursuant to Rule 36 of the Federal Rules of Criminal Procedure in order to correct a clerical oversight contained therein. Based on the oral sentence of Honorable Judge Hillman, on April 10, 2018, it was understood that the intention of Judge Hillman was to sentence Mr. Santaniello to a total sentence of 60 months. This 60 month sentence was to include the time Mr. Santaniello had served on a sentence on Docket #16-00522 out of the Southern District of New York, so that Mr. Santaniello would be incarcerated for no more than a total of 60 months. Mr. Santaniello was sentenced on Docket #16-00522 to 36 months incarceration on December 21, 2017. Judge Hillman's sentencing Order and Judgement dated May 3, 2018 stated the following as to the term of incarceration of Mr. Santaniello:

> This term consists of terms of 60 months on each count, to be served concurrently. The terms of imprisonment imposed by this judgement shall run concurrently to the defendant's imprisonment under any term of imprisonment that the defendant is currently serving for the Southern District of New York matter, Docket #16-00522.

The Bureau of Prisons has calculated Mr. Santaniello's total sentence pursuant to both his New York sentence and the sentence imposed by Judge Hillman as 5 years, 3 months, and 20 days. The 3 month and 20 day addition to Mr. Santaniello's sentence is the result of the difference in the

sentencing dates between his New York sentence of December 21, 2017, and his sentence in front of Judge Hillman of April 10, 2018. The Bureau of Prisons has advised counsel for Mr. Santaniello that the reason for the additional total time of his sentence is due to the sentencing Order and Judgement of Judge Hillman. The way the sentencing Order and Judgement is drafted, Mr. Santaniello will not be given a total sentence of 60 months on both cases, but rather 63 months and 20 days. The wording in the Order and Judgement that the sentences run "concurrent" will not result in a total sentence of 60 months, but will rather cause the two sentences to begin overlapping only at the time of the second sentence. This result appears to be at odds with the oral sentence pronounced by Honorable Judge Hillman.

Rule 36 of the Federal Rules of Criminal Procedure provides authority to make judgment and commitment papers conform to sentence pronounced orally. Cook v. U.S., 426 F.2d 1358 (1970). The case of Kennedy v. Reid, 249 F.2d 492 (1957) is instructive in this regard. In that case, the sentence pronounced by the court, as mistakably shown by records imposed three one to three year terms, on each of three counts to run consecutively, but the commitment papers erroneously provided for concurrent sentences. Upon the completion of sentence on first count, trial court had power to correct error to provide for the consecutive serving of the sentences. see also Fitzgerald v. U.S., 296 F.2d 37 (1961), there the Federal District Court, which had sentenced defendant to term of one year and one day on his plea of guilty to charge of transporting forged check interstate, was authorized to correct its commitment order so that it provided that the sentence was to run consecutively with sentence or sentences defendant was serving or was to serve pursuant to any and all previous judgments. Similarly, in Lam Man Chung v. U.S., 419 F.Supp. 1287 S.D.N.Y. (1976), the judgment and commitment papers erroneously indicated that a fine of $5,000 had been imposed and that petitioner had been convicted of crime of conspiracy in addition to substantive offense of possession of narcotics with intent to distribute. The entry of the fine and conviction for conspiracy

was the result of clerical error. The judgment and commitment papers would be corrected to show that petitioner was convicted only of offense of possession of narcotics with intent to distribute.

In Mr. Santaniello's case, it was understood that the intention of Judge Hillman in his oral sentence was that Mr. Santaniello would be sentenced to a total of 60 months on his combined sentences. Therefore, in order to reflect a 60 month total term, the written sentencing Order and Judgement of Judge Hillman should have reflected that Mr. Santaniello was being sentenced to 56 months and 11 days, which results from the difference between the 60 months and the time Mr. Santaniello had already served on Docket #16-00522. This oversight appears to have simply been the result of a clerical error, and is able to be rectified pursuant to Rule 36. The Bureau of Prisons has advised counsel for Mr. Santaniello that upon receiving an updated Order, they will modify Mr. Santaniello's sentence to reflect a combined 60 month term in conformance with the intentions of Judge Hillman.

| | |
|---|---|
| Respectfully Submitted,<br>RALPH SANTANIELLO,<br>By His Attorney, | Respectfully Submitted,<br>RALPH SANTANIELLO,<br>By His Attorney, |
| /s/ Daniel D. Kelly | /s/ Daniel C. Hagan, Jr. |
| Daniel D. Kelly, Esq.<br>33 Mulberry Street<br>Springfield, MA 01105<br>413-733-0770 phone<br>413-733-1245 fax<br>BBO No.: 634648 | Daniel C. Hagan, Jr., Esq.<br>33 Mulberry Street<br>Springfield, MA 01105<br>413-733-0770 phone<br>413-733-1245 fax<br>BBO No.: 674936 |

## CERTIFICATE OF SERVICE

I, Daniel D. Kelly, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 7, 2019.

/s/ Daniel D. Kelly

---

Daniel D. Kelly, Esq.
33 Mulberry Street
Springfield, MA 01105
413-733-0770 phone
413-733-1245 fax
BBO#: 634648